IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION NO. 3:08-26 |
| v.  ) | |
| ) | |
| RODNEY GREEN  ) | JUDGE KIM R. GIBSON |
| Defendant.  ) | |

**MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

Before the Court are Defendant's "Motion in Limine to Exclude Prior Criminal History to the Jury" (Doc. No. 64) and "Motion in Limine to Exclude Uncharged Misconduct Evidence" (Doc. No. 65). Also before the Court is the Government's "Notice and Motion to Use Rule 404(b) Evidence" (Doc. No. 67), addressing the admissibility of evidence under FRE 404(b), and "Motion to Use Evidence of Prior Convictions" (also Doc. No. 67), addressing the admissibility of evidence for impeachment purposes.

The Court first addresses the use of prior bad acts and convictions under Rule 404(b). Specifically, the Government has given notice of its intention to use the following evidence:

  1) a 1985 conviction for felonious assault;
  2) a 1986 conviction for assault on a prison guard while incarcerated;
  3) evidence that the Defendant is currently incarcerated for unlawful possession of a firearm;
  4) a 1985 misconduct for fighting and possessing a weapon while incarcerated.

(Gov. Mot. 1.) The third and fourth items on the list fit the parameters of 404(b); the first and second do not.

FRE 404(b) is a rule of inclusion that favors admissibility. *United States v. Sampson*, 980

1

F.2d 883, 886 (3d Cir. 1992). The evidence must be excluded where it "only goes to show character, or that the defendant had a propensity to commit the crime. *Id.* at 887. The overall determination of admissibility involves the application of Rules 402 and 403. The Supreme Court has provided the following guidance on the admissibility of evidence under 404(b):

> 1) the evidence must have a proper purpose under Rule 404(b);
> 2) it must be relevant under Rule 402;
> 3) its probative value must outweigh its prejudicial effect under Rule 403; and
> 4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.

*Id.* at 886 (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

The purpose of Rule 404(b) evidence must be to show something other than propensity. Rule 404(b) lists permissible uses of "other crimes" evidence, but there should be an actual chain of inferences that show the evidence establishes some fact other than mere propensity. *United States v. Murray*, 103 F.3d 310, 316-317 (3d Cir. 1997) (Alito, J.) (finding that defendant's role as designated shooter in one murder did not tend to establish he played the same role in the charged murder). This "chain of logic" should contain "no link involving an inference that a bad person is disposed to do bad acts." *Gov't of Virgin Islands v. Pinney*, 967 F.2d 912, 915 (3d Cir. 1992) (finding that evidence that defendant raped one young girl only tended to show he was disposed to commit rape and therefore was an impermissible inference of propensity).

To carry its burden in this case, the Government must prove that Defendant "*knowingly* possessed a prohibited object." (Indictment Mem. 2 (emphasis added).) It is therefore "entitled to introduce evidence relevant to that element of the crime charged." *Pinney*, 967 F.2d at 915-916. In order to establish the knowledge element, the Government seeks to introduce two prior acts involving unlawful possession. One is Defendant's prior conviction for unlawful possession

2

of a firearm, the conviction for which Defendant is currently incarcerated. (Gov. Mot. 1.) According to the Government, the purpose of that conviction is to show that Defendant was "aware of the dangers and law relating to carrying weapons and will rebut any denial of knowledge that the shank was possessed for an innocent purpose and its presence was mere accident or coincidence." *Id.* at 3-4. The government also seeks to use Defendant's prior misconduct for fighting and possession of a weapon while incarcerated. *Id.* at 1. The Government's articulated purpose for the misconduct is to show the Defendant's "knowledge and to rebut . . . any claim of mistake, accident, or innocent possession." *Id.* at 4.

The Court finds that the Government has articulated proper 404(b) purposes for introducing both the conviction for unlawful possession of a firearm and the misconduct for fighting and possessing a weapon while incarcerated. A party seeking to use evidence under 404(b) makes clear the nonpropensity purpose of the evidence through logical inferences. The chain of inferences that the Court understands the Government to be making is as follows: at a previous time, the Defendant had in his possession unlawful weapons; therefore, assuming the Government can prove Defendant possessed a shank in this case, the fact that he possessed unlawful weapons before helps to show his possession in this case was knowing and not accidental. *See* Gov. Mot. 4-5. Since the prior acts involving unlawful possession of weapons tend to establish knowledge and absence of mistake, they fit within 404(b).

The fact that the Defendant was convicted of unlawful possession of a firearm and now faces trial for possession of contraband (specifically, a shank) does not preclude a finding of a proper 404(b) purpose. Where a defendant is charged with some sort of unlawful possession, a prior bad act of unlawful possession tends to show knowledge or absence of mistake even if the

3

unlawfully possessed material is not identical. *See United States v. King*, 254 F.3d 1098, 1100-01 (D.C. Cir. 2001) ("The courts of appeals have also held it within the discretion of the district court to admit evidence regarding similar acts of possession that suggest 'repetitive involvement in the same kind of criminal activity' even if they do not involve the same objects.") (citations omitted). In *King*, the court actually disagreed with the district court's admission of evidence that Defendant possessed a knife to show that Defendant knowingly possessed a gun. *Id.* at 1101. However, the court distinguished the knife and the gun by noting that a felon can possess a gun lawfully. *Id.* Here, the Government seeks to use evidence of unlawful, as opposed to lawful, possession to show knowing unlawful possession.

Their admissibility under Rule 404(b) having been established, the conviction for firearm possession and misconduct for fighting and possessing a weapon while incarcerated are also admissible under Rules 402 and 403. The Court finds that the government's evidence of prior unlawful possession is relevant because it tends to establish the element of knowledge. The Court further finds that the probative value of this evidence outweighs its prejudicial effect. The evidence is highly probative since it tends to establish that if Defendant did in fact possess contraband, such possession was knowing. Furthermore, the Court will diminish any prejudicial effect by instructing the jury that it may consider these prior acts only for their nonpropensity purposes. *See Gov't of Virgin Islands v. Edwards*, 903 F.2d 267, 270 (finding that trial court's limiting instruction was "appropriate" and helped satisfy its balancing under Rule 403).

The government's intended use of the remaining two pieces of evidence does not fit within Rule 404(b). The convictions for felonious assault in 1985 and assault on a prison guard while incarcerated in 1986 are supposed to "establish [Defendant's] knowledge and to rebut any

4

insinuation, suggestion, or evidence that Mr. Green is a model citizen or model inmate, or that he abhors violence and avoids confrontation, or any claim of mistake, accident, or innocent possession." (Gov. Mot. 4.) The government has not provided, nor can the Court formulate, any chain of logical inferences whereby a twenty-year old assault conviction helps establish knowledge or absence of mistake in this case. Nor can the government introduce this evidence under 404(b) to show Defendant is not a model citizen because the only inference to make there is one of propensity.

The Court defers its Rule 404(b) admissibility ruling on Defendant's 1986 misconduct for attempted theft. (Def.'s Mot. 2.) The government has not provided notice of its intent to use the 1986 misconduct. If the government does seek to introduce the 1986 misconduct at trial, the Court can determine at that time whether to excuse pretrial notice on good cause shown.

The Court turns to the government's Motion to Use Evidence of Prior Convictions. The government has indicated that it will seek a sidebar before introducing any such evidence. (Gov. Mot. 8.) The Court therefore defers ruling on the admissibility of evidence for purposes of impeachment.

AND NOW, this __7th__ day of October, 2009, in accordance with the foregoing Memorandum and Opinion, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Exclude Prior Criminal History to the Jury (Doc. No. 64) is **GRANTED IN PART** and **DENIED IN PART** as more fully stated in the accompanying Memorandum Opinion.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Exclude Uncharged Misconduct Evidence (Doc. No. 65) is **DENIED IN PART**, and the Court defers its ruling in part as more fully stated in the accompanying Memorandum Opinion.

**IT IS FURTHER ORDERED THAT** the government's Motion to Use Rule 404(b) Evidence (Doc. No. 67) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED THAT** the Court defers ruling on the government's Motion to Use Evidence of Prior Convictions (also Doc. No. 67).

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE