IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    v.  : Case No. 3:08-cr-26-KRG-KAP
RODNEY GREEN,  :(Case No. 3:12-cv-34-KRG-KAP)
    Movant  :

## Report and Recommendation

### Recommendation

Movant Rodney Green chose to have his motion to vacate sentence under 28 U.S.C.§ 2255, docket no. 117, adjudicated as filed on February 1, 2012. The motion to vacate should be summarily denied without a certificate of appealability.

### Report

Green challenges his sentence on the same basis that he challenged it before the Court of Appeals, see docket no. 115, United States v. Green, No. 09-4146 (3d Cir. November 15, 2010), that is, the Court should have sentenced him using United States Sentencing Guidelines § 2P1.2(a)(4) and not § 2P1.2(a)(2). This is a variant of the argument vigorously pressed by Green's counsel before and at trial, that the contraband taken from Green was a piece of solder used as a tool and not a shank. See e.g. docket no. 32 (pretrial motion), docket no. 85 (motion to reconsider), docket no. 111 (Trial transcript for 10/13/2009) at 1-9 (argument at sidebar), docket no. 110 (Trial transcript for 10/14/2009) at 8 (defense opening argument), at 37-38 (defense re-cross examination of Miller), at 49-50 (defense cross examination of

Naglic), docket no. 109 (Trial transcript for 10/15/2009) at 3-4 (defense motion for judgment of acquittal).

Although Green couches his motion to vacate as a claim of ineffectiveness by trial counsel, it should be clear from the above review of the record that trial counsel was unsuccessful, but hardly ineffective, in arguing that the contraband item Green possessed was not a weapon. Further, Green presented the precise Guidelines argument he presents here to the Court of Appeals, and the Court of Appeals rejected it on the merits. docket no. 115-1 at 7-8. This court does not have the power to revisit the judgment of the Court of Appeals, but even if this court could address the matter de novo, it would still have the express finding of the jury, see docket no. 92 (Jury Verdict) at 2, question 3(a), that the object Green knowingly made, possessed, or obtained was a weapon. That finding was supported by adequate evidence, see, docket no. 110 (Trial transcript for 10/14/2009) at 47-49 (direct examination of Naglic). The use of United States Sentencing Guidelines § 2P1.2(a)(2) in establishing Green's offense conduct level was therefore correct. The motion to vacate should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: March 21, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Rodney Green, Reg. No. 28017-039
U.S.P. Pollock
P.O. Box 2099
Pollock, LA 71467